UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ARCHIE TARNELL POMALES, | ) | CASE NO. 1:12 CV 173 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Archie Tarnell Pomales, a.k.a. Tarnell Pomales, filed this Petition for a Writ of Mandamus against the State of Ohio. In the Petition, Pomales asks this Court to order the Cuyahoga County Court of Common Pleas to sentence him on criminal charges brought against him in 1995. For the reasons set forth below, the Petition is denied and this action is dismissed.

**Background**

Petitioner is a Defendant in two criminal actions pending in the Cuyahoga County Court of Common Pleas. *See State v. Pomales*, No. CR-95-331107 (Cuyahoga Cty Ct. Comm. Pl. indictment filed Dec. 6, 1995); *State v. Pomales*, No. CR-95-329576 (Cuyahoga Cty Ct. Comm. Pl. indictment filed Oct. 30, 1995).[1] Petitioner was arrested on escape charges on August 27, 1995, and charges of aggravated robbery with gun specifications and aggravated assault with gun specifications on October 16, 1995. He was indicted on the escape charge on October 30, 1995 and entered a plea of "not guilty." He was released on bond, but he failed to appear at a hearing in November 1995 and a capias was issued for his arrest.

---

[1] Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/. Information obtained from the dockets in the two pending criminal cases is used by the Court solely to provide a context for Petitioner's claims. It had no bearing on this Court's Opinion in this case.

The capias was recalled on December 1, 1995. Although his bond was reinstated, Petitioner failed to appear in court on the robbery and assault charges. Another capias was issued for his arrest. Seven days later, he failed to appear in court for trial on the escape charges. Petitioner appeared in court on the robbery and assault charges on January 12, 1996. He entered a plea of "not guilty" and was again released on bond.

Petitioner appeared in court in both cases on March 20, 1996 and pled guilty to aggravated robbery and escape. In exchange, the prosecution agreed to drop the aggravated assault charge and the gun specifications. Petitioner was released on bond pending sentencing which was scheduled for May 8, 1996. On the day of sentencing, Petitioner, however, failed to appear in court and a capias was issued for his arrest.

Petitioner contends detainers were lodged against him by the State of West Virginia on May 14, 1996. He indicates he was extradited to West Virginia where he was convicted of two counts of felony murder on February 20, 1998.

Twelve years later, on April 24, 2008, Petitioner filed a Motion to Withdraw his Guilty Pleas in the Cuyahoga County Court of Common Pleas. The court denied the Motion without a hearing and noted that Petitioner was incarcerated in the Mt. Olive Correctional Center in Mt. Olive West Virginia. Petitioner filed an Omnibus Motion on May 29, 2009. That Motion was also denied. The court stated Petitioner was serving a life sentence in West Virginia, and the arrest warrant issued when he failed to appear for sentencing would be executed when Petitioner completed his sentence in West Virginia. He filed two Motions requesting sentencing on October 21, 2010 and May 25, 2011. Those Motions are still pending in the Court of Common Pleas.

Petitioner now files this Petition for a Writ of Mandamus. He contends that he may be able to serve the sentences concurrently and that this opportunity will be lost if he is not sentenced until after he serves his sentence in West Virginia. He also alleges he is exempt from applying for parole under West Virginia law while charges are pending against him. He asks this Court to order the Cuyahoga County Court of Common Pleas to sentence him on the pending charges

-2-

**Law and Analysis**

District Courts have mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990).

Here, Petitioner asks this federal court to order a state court to perform an action it is authorized to do by state statute. No federal employee, officer or agency is implicated in this request. The Court is authorized by 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to Petitioner. Federal courts do not have mandamus authority to compel state officials to follow state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Cochran v. Mun. Ct. of City of Barberton, Summit Cty*, No. 03-3785, 2003 WL 23095546, at *1 (6th Cir. Dec. 11, 2003). This Court lacks subject matter jurisdiction to granted the relief requested.

**Conclusion**

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

    */s/Dan Aaron Polster 4/12/12*
    DAN AARON POLSTER
    UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.